THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN L. THOMPSON, | CASE NO. C24-5311-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On May 6, 2024, the Honorable Grady J. Leupold, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's civil rights complaint (Dkt. No. 5) was entered shortly thereafter.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

MINUTE ORDER
C24-5311-JCC
PAGE - 1

(2007). Moreover, the complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The allegations must also support this Court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Plaintiff's suit under 42 U.S.C. § 1983 seems to target representatives of the Kitsap County Superior Court, including Judge Sally Olsen, and Deputy Prosecutor Kelly Montgomery, along with the Washington State Attorney General's office and defense counsel Steven McMurdo. (*See* Dkt. No. 5 at 2–3.) Plaintiff contends each played a role in depriving him of due process rights in a criminal matter brought against him in Kitsap County Superior Court. (*Id.* at 7–10.)

To the extent these allegations are true and well pled, they primarily relate to the judicial process. But judges have absolute immunity for any acts they perform that relate to the "judicial process," even when such actions are driven by malicious or corrupt motives. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations omitted). Absolute immunity only fails to attach to judicial officers when they act clearly and completely outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). And prosecutors are similarly immune. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993). While defense counsel could not avail himself of a similar immunity, Mr. McMurdo was not acting under the color of state law in representing Plaintiff in a criminal case and, as such, 42 U.S.C. § 1983 does not provide a viable cause of action against him. *See Mitchell v. Shasta Cnty. Pub. Defs. Off.*, 2005 WL 3453710, slip op. at 2 (E.D. Cal. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 319 n.9 (1981)). Finally, the complaint includes no allegations supporting a claim against the Washington State Attorney General's office. (*See generally* Dkt. No. 5.)

For all of these reasons, the Court concludes that Plaintiff's complaint fails to state a claim pursuant to 42 U.S.C. § 1983. Nevertheless, the Court will not dismiss a complaint unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of*

*Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

Accordingly, the Court ORDERS Plaintiff to file an amended complaint no later than twenty-one (21) days from the date of this order. In the amended complaint, Plaintiff must provide facts targeted at the deficiencies described above. If Plaintiff fails to do so, the complaint will be dismissed with prejudice. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 9th day of May 2024.

Ravi Subramanian
Clerk of Court

s/Kathleen Albert
Deputy Clerk

MINUTE ORDER
C24-5311-JCC
PAGE - 3